IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-333-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JEROME MACK, ) | |
| ) | |
| Defendant. ) | |

On April 5, 2012, Jerome Mack ("Mack") pleaded guilty to conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana. See [D.E. 21]. On July 20, 2012, the court held Mack's sentencing hearing. See [D.E. 25]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 23]. The court calculated Mack's total offense level to be 23, his criminal history category to be IV, and his advisory guideline range to be 70 to 87 months' imprisonment. See [D.E. 27] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Mack to 84 months' imprisonment and five years of supervised release. See [D.E. 26] 2.

On December 18, 2014, Mack moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 30]. Mack's new advisory guideline range is 60 to 71 months' imprisonment, based on a total offense level of 21 and a criminal history category of IV. See Resentencing Report. Mack requests a 60-month sentence based on his post-sentencing conduct. See [D.E. 30] 2. On June 28, 2016, Mack moved for a modification of supervised release to one year of supervised release. See [D.E. 33] 2.

The court has discretion to reduce Mack's sentence. See, e.g., Dillon v. United States, 560

U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, No. 16-6867, 2016 WL 6958628, at *1 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Mack's sentence, the court finds that Mack engaged in serious criminal behavior involving over 150 kilograms of marijuana over a five-month period. See PSR ¶¶ 1–11. Moreover, Mack is a recidivist, with convictions for felony possession of controlled dangerous substance and felony bank robbery (three counts). See PSR ¶¶ 15–18. Mack also has performed poorly on supervision and has little work history. See PSR ¶¶ 15, 28–34. Finally, Mack has taken some positive steps while incarcerated on his most recent federal conviction. See Resentencing Report 1; [D.E. 30, 30-1].

Having reviewed the entire record and all relevant policy statements, the court finds that Mack received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Mack's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Mack's motion for reduction of sentence. See, e.g., Patterson, 2016 WL 6958628, at *1–2; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321. Likewise, the court denies Mack's motion for modification of supervised release.

In sum, the court DENIES Mack's motion for reduction of sentence [D.E. 30], and DENIES Mack's motion for modification of supervised release [D.E. 33].

2

SO ORDERED. This 2 day of May 2017.

                                                 JAMES C. DEVER III
                                                 Chief United States District Judge